The People of the State of Illinois, Plaintiff-Appellee, v. Lloyd Norris, Defendant-Appellant.

Gen. No. 68–161.

Second District.

December 31, 1969.

Peter Alexander, of Rockford, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford, and William R. Beu, Assistant State's Attorney, for appellee.

MR. JUSTICE ABRAHAMSON delivered the opinion of the court.

Defendant Lloyd Norris appeals from a judgment of the Circuit Court of Winnebago County sentencing him to a term of one to five years in the penitentiary after a jury found him guilty of aggravated battery and reckless conduct. Defendant contends that the State failed to prove him guilty beyond a reasonable doubt; the court erred in making a certain witness the court's witness; the jury verdicts finding him guilty on both charges are inconsistent and, therefore, defective; and comments and inferences of the prosecuting attorney and witnesses were prejudicial.

On Saturday, January 28, 1967, in response to a call, the police removed Margaret Scott from defendant's apartment in Rockford to the hospital where she died

that evening. They found her lying on the bed in messy clothing with a bruise on her forehead and blood clotted in her nose. An autopsy showed the cause of death to be aspiration pneumonia or the inhalation of stomach contents into the lungs; bruises and hemorrhaging under the scalp on the left side and under the brain covering on both the right and left sides. According to testimony, Margaret Scott came to defendant's apartment on Tuesday morning, where she spent most of the time in bed until Saturday morning when she was taken to the hospital by the police. Ressie Morrell was also in the apartment during that time, Arlie Kebler was there three days that week, Emery Fields was there on Friday, John Comer made a short visit on Friday evening, and defendant was present during the time involved herein. Statements made to the police and testimony at the trial by the above-named persons were inconsistent and varied as to detail, but generally indicated that considerable quantities of alcoholic beverages were consumed by the parties during those five days. Ressie Morrell stated that Margaret Scott messed and wet the bed several times and she and defendant cleaned up after her. She also testified that Scott fell out of bed more than once, and at one point defendant threw her out of bed; he slapped her repeatedly; he dragged Scott by the hair into the bathroom, put her in a tub of cold water, and dragged her back to the bed; he directed several threats at the deceased. The witnesses stated that there were no unusual marks or bruises upon the face or body of the deceased until Friday evening.

■■ A reviewing court will disturb the finding of guilty only where the evidence is so unreasonable, improbable or unsatisfactory as to justify a reasonable doubt of defendant's guilt. People v. Crews, 38 Ill2d 331, 335, 231 NE2d 451. Although inconsistent statements were made by the State's occurrence witnesses, inconsistent statements were also made by the defendant.

The question is one of credibility, which was properly submitted to the jury so that it could evaluate the conflicting evidence. The evidence here is not so unreasonable, improbable or unsatisfactory as to leave a reasonable doubt of defendant's guilt, and we are not justified in interfering with the jury's findings.

■ The assistant State's Attorney called a Robert Ritter as a witness and, when he started to impeach Ritter, the defense attorney objected and the objection was sustained. Thereupon the Assistant State's Attorney moved the court to make Ritter a court's witness in accordance with Supreme Court Rule 238, Ill Rev Stats 1967, c 110A, § 238, and the motion was allowed. It is claimed by the defendant that this is error because Rule 238 makes it incumbent upon the requesting party to call the witness in "good faith" and to be "surprised" by his testimony. The decision of the court upon such a motion is largely discretionary. People v. Williams, 22 Ill2d 498, 177 NE2d 100. Despite the claim that the assistant State's Attorney was not "surprised" and did not act in "good faith," the record reveals that there had been two prior and inconsistent statements made by Ritter, and the court was made aware of these statements. Under these circumstances the court could properly arrive at the conclusion that the assistant State's Attorney could not know what Ritter's testimony would be until he actually testified. There was sufficient basis for the trial judge in the exercise of his discretion to determine that the prosecutor was surprised and that he acted in good faith. People v. Wesley, 18 Ill2d 138, 163 NE2d 500.

■ Defendant contends that the jury verdicts finding him guilty of aggravated battery and reckless conduct were fatally inconsistent in that the intent elements of each offense are mutually exclusive. The State agrees with the defendant's contention that the intent elements of the crimes of aggravated battery and reckless conduct are different, and that inconsistent verdicts

409

cannot stand. The intent element to support a verdict of aggravated battery is that the act be done intentionally and knowingly; while the intent element to support a verdict of reckless conduct is that the act be done recklessly. The State points out, however, that the time period involved extends from Tuesday to Saturday and that the testimony shows four different acts of physical violence by the defendant upon the deceased. The jury could very well conclude that some of the defendant's acts, such as throwing her from the bed and striking her, were knowing and intentional; while other acts, such as dragging her around the apartment, were reckless and thus found that more than one act was involved so that the finding of guilty as to both aggravated battery and reckless conduct were the result of different acts and not the same act. In our opinion the verdicts were not inconsistent and are, therefore, sustained. It is noted that the defendant was only sentenced on the aggravated battery conviction.

■■ Defendant's last contention is that he was deprived of a fair trial by prejudicial comments of the assistant State's Attorney and prosecuting witnesses. Ressie Morrell testified that the defendant is "absolutely crazy when he gets a few drinks." This was an unresponsive answer to a question by the State and objection was made and sustained. She made a second comment that the defendant "goes insane" and is "dangerous" when he drinks, but this was in response to a question by defense counsel on cross-examination and no objection was made. The State is not responsible for questions asked by the attorney for the accused under these circumstances. People v. Hester, 49 Ill App2d 308, 311, 200 NE2d 3. It is also stated that the assistant State's Attorney made comments regarding testimony before the grand jury without proving the statements and that this was an attempt to prejudice the jury. None of

these alleged errors were raised in defendant's motion for a new trial and are, therefore, precluded from appellate review. People v. DeMarco, 44 Ill App2d 459, 465, 195 NE2d 213. Defendant cites People v. Weinstein, 35 Ill2d 467, 220 NE2d 432 for the proposition that even though defense counsel does not object to certain prejudicial statements, that does not waive defendant's right to raise the points on appeal. Here the circumstances are not analogous to those in Weinstein. We will not consider the alleged error since it was not properly preserved for review.

For the reasons stated above, the judgment of the circuit court is affirmed.

Judgment affirmed.

DAVIS and SEIDENFELD, JJ., concur.