THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NORVELL SMITH, Defendant-Appellant.

Fifth District     No. 79-249

Opinion filed November 10, 1980.

John H. Reid and John M. McGuire, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Nicholas G. Byron, State's Attorney, of Edwardsville (Martin N. Ashley, and Stephen E. Norris, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE JONES delivered the opinion of the court:

The defendant, Norvell Smith, was charged with attempt murder and aggravated battery. After a jury trial in the circuit court of Madison County, defendant was convicted of aggravated battery and sentenced to

four years' imprisonment. The only issue on appeal is whether the court erred in refusing defendant's proposed jury instructions on the offense of reckless conduct. We affirm.

On December 7, 1977, Carolyn Garcia and her boyfriend, Charles Jackson, stopped at the Union 76 Truck Stop. As Ms. Garcia went to the washroom, she saw defendant stare at her. She described the stare as "just looking crazy." After two minutes, Ms. Garcia came out of the washroom and defendant again stared at her. Because defendant's stares scared her, she tried to find her boyfriend, who was not in his truck. She went back inside the truck stop building. Defendant said, "Hi," but she kept on walking. Defendant walked in front of her, reached toward his pocket, shot her in the abdomen, and started laughing. She did not see a gun as she was looking at her boyfriend. Because she did not realize instantly that she had been shot, she kept walking. The shot sounded like a cap pistol. She was never closer than 10 feet to the defendant. When she realized that she had been shot, she saw defendant standing with a gun. Defendant stated twice that he was sorry. As a result of the wound Ms. Garcia spent two weeks in the hospital.

Charles Jackson testified that while he was in the truck stop's gift shop he heard something like a firecracker go off. He then heard Ms. Garcia holler that she had been shot. He saw defendant waving the gun. He did not hear defendant laugh but heard him state twice he was sorry. Defendant put the gun in his pocket and went into the restaurant. Mr. Jackson did not see defendant until defendant had visibly displayed the gun.

When the police arrived at the truck stop they arrested defendant in the restaurant and removed the pistol from his pocket. The gun was loaded and had five rounds in the clip and one in the chamber. The safety was off. The gun was capable of being fired. At the police station defendant stated that he did not shoot Ms. Garcia. The police found nothing unusual about defendant's jacket.

The defendant testified that he had been in the truck stop for 10 to 15 minutes when the incident occurred. He stated that he may have seen Ms. Garcia in the building earlier, but he was not sure if it was the same woman. He stated that he was not following her. He had an automatic pistol in his pocket. This pistol was capable of firing without one's having to move the breech. The safety on the pistol was "jammed" and would not turn. The defendant examined a pistol handed to him by the prosecutor and said it looked like the one he had owned. The defendant examined the safety on the pistol and stated that it did not appear to be jammed at that moment.

The defendant testified that he was going outside to have gas put into his car when a woman who was coming in pushed against the door

just before he did. He was unsure whether or not the woman was Ms. Garcia because Ms. Garcia appeared to be shorter than the woman. He was not paying attention to the woman's face.

The defendant stated that the woman bumped into him. He heard a noise like a shot. He stopped, and the woman kept walking. He believed that the gun was in his right hand jacket pocket. He did not have his hand on the gun as he went out the door. The defendant stated that he had not laughed after the gun discharged but had stopped to see what was wrong with the woman. He took the gun from his pocket, unsure whether it had discharged. He put the gun back into his pocket because he did not want anyone to think that he was trying to rob the truck stop. When the woman kept on going, he walked back into the restaurant.

The defendant stated that he did not speak to Ms. Garcia before the gun discharged. He did not know the woman and had not intended to shoot her.

The defendant had previously planned to take the pistol to a pawn shop to repair the jammed safety, but the shop had been closed. He had put the gun into his pocket when he got out to get gas. He had forgotten about its being in his pocket and had walked into the building without realizing it was still there.

In order to be classified as a lesser included offense, "all the elements of the lesser must be included within the greater." (*People v. Smith* (1980), 78 Ill. 2d 298, 306, 399 N.E.2d 1289, 1294; *People v. King* (1966), 34 Ill. 2d 199, 215 N.E.2d 223.) This requirement is a substantial one designed to protect the defendant from exposure to double jeopardy. (*People v. Smith*). An included offense is defined by section 2—9 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 2—9) as an offense which "(a) [i]s established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged, or (b) [c]onsists of an attempt to commit the offense charged or an offense included therein." *People v. Smith*.

Section 12—5 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 12—5) defines reckless conduct as "[a] person who causes bodily harm to or endangers the bodily safety of an individual by any means, commits reckless conduct if he performs recklessly the acts which cause the harm or endanger the safety, whether they otherwise are lawful or unlawful." Section 4—6 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 4—6) defines the term "recklessness" as follows:

"A person is reckless or acts recklessly, when he consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, described by the statute defining the offense; and such disregard constitutes a gross deviation from

the standard of care which a reasonable person would exercise in the situation. An act performed recklessly is performed wantonly, within the meaning of a statute using the latter term, unless the statute clearly requires another meaning."

The indictment against defendant charged:

"Nicholas G. Byron, State's Attorney in and for the County of Madison, State of Illinois, in the name and by the authority of the People of the State of Illinois, charges that NORVELL SMITH on the 7th day of December, 1977 at and in the County of Madison, in the State of Illinois, committed the offense of *COUNT I AT-TEMPT MURDER* in that said defendant, with the intent to commit the offense of Murder in violation of Section 9—1(a)(1) of Chapter 38 Illinois Revised Statutes, performed a substantial step towards the commission of that offense, in that without lawful justification and with the intent to kill Carolin [*sic*] Garcia, he shot Carolin [*sic*] Garcia with a gun in violation of Section 8—4a of Chapter 38 Illinois Revised Statutes. *COUNT II AGGRAVATED BATTERY* in that said defendant, while armed with a deadly weapon, a gun, knowingly and without legal justification shot Carolin [*sic*] Garcia, thereby causing great bodily harm to Carolin [*sic*] Garcia in violation of Paragraph 12—4(b)(1), Chapter 38, Illinois Revised Statutes, and against the peace and dignity of the said People of the State of Illinois."

Intent to kill is a requisite element of attempt murder. (*People v. Jones* (1977), 55 Ill. App. 3d 446, 370 N.E.2d 1142.) The intent element to support a verdict of aggravated battery is that the act be done intentionally and knowingly, while the intent element to support a verdict of reckless conduct is that the act be done recklessly. (*People v. Norris* (1969), 118 Ill. App. 2d 406, 254 N.E.2d 304.) Specific intent is not an element of reckless conduct as it is of attempt murder. (*People v. Smith.*) Therefore, reckless conduct is not a lesser included offense of attempt murder.

Reckless conduct is a broad and all-inclusive offense. The reckless conduct statute is so general that the charging instrument must provide more specific details of the alleged criminal conduct than those contained in the statute itself. (*People v. Hayes* (1979), 75 Ill. App. 3d 822, 394 N.E.2d 80; *People v. Brownlee* (1974), 17 Ill. App. 3d 535, 308 N.E.2d 377.) Our purpose in making this point of reference is that, as generalities will not suffice in lodging a charge of reckless conduct, neither may generalities of conduct suffice as a basis for a jury instruction that would permit a conviction for reckless conduct. In both charging and instructing upon reckless conduct, specific acts must be involved.

In the case at bar, the evidence established that the victim was in fact injured. Either the defendant was guilty of knowingly causing great bodily harm to Ms. Garcia or the shooting was an accident. Absent from the record is any evidence that defendant performed any acts in a reckless manner. The witnesses who saw defendant waving the gun all stated that the waving occurred after the shooting. No one testified that defendant was acting recklessly prior to or at the time the crime was committed. The testimony of defendant himself did not describe or portray any reckless conduct upon his part as that term is defined by the statute above cited.

The primary function of the jury in a lawsuit is to find facts and apply those facts to the law as it is given by the court. (*Guidani v. Cumerlato* (1965), 59 Ill. App. 2d 13, 207 N.E.2d 1.) To instruct on reckless conduct in this case would be to allow the jury to exercise a power of leniency (*People v. Thorns* (1978), 62 Ill. App. 3d 1028, 379 N.E.2d 641) and invade the sentencing province of the court because aggravated battery is a Class 3 felony and reckless conduct is a Class A misdemeanor. (Ill. Rev. Stat. 1977, ch. 38, par. 12—4(d) and 12—5(b).) Under defendant's theory, criminal damage to property under $150 (Ill. Rev. Stat. 1977, ch. 38, par. 21—1) would be a lesser-included offense of aggravated battery if there had been any evidence that Ms. Garcia's clothes were damaged as a result of the shooting.

Defendant urges that the shooting was accidental. That may be, but it is not sufficient to justify the giving of the reckless conduct instruction. Even if the shooting was accidental it was not, perforce, reckless conduct.

Defendant relies upon the case of *People v. Perry* (1974), 19 Ill. App. 3d 254, 311 N.E.2d 341, which expressly holds that reckless conduct may be a lesser included offense of aggravated battery. Such was also the holding in *People v. Johnson* (1974), 20 Ill. App. 3d 1085, 314 N.E.2d 197; *People v. Vassar* (1978), 62 Ill. App. 3d 523, 379 N.E.2d 94; and *People v. Thomas* (1971), 1 Ill. App. 3d 139, 275 N.E.2d 253. We have examined these cases and readily concede that they stand for the general proposition that reckless conduct can be a lesser included offense of aggravated battery. However, these cases are factually inapposite to the case at bar. In the instance of each case the defendant was brandishing or shooting a gun and otherwise comporting himself in a manner that was squarely within the sphere of conduct as described in the statutes defining recklessness and reckless conduct. As we have explained, there is no evidence of conduct of the defendant in this case that could be termed reckless. The trial court expressly so found in his ruling upon the proffered instruction and we deem his ruling correct.

Finding that oral argument would be of no assistance to the court in

reaching its conclusion and that there is no substantial question presented, we have taken the case under advisement without oral argument pursuant to Supreme Court Rule 352(a) (Ill. Rev. Stat. 1979, ch. 110A, par. 352(a)).

Affirmed.

HARRISON and SPOMER, JJ., concur.