THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DAVID A. HARRIS, Defendant-Appellant.

Second District    No. 79-843

Opinion filed November 26, 1980.

Mary Robinson and Marilyn Martin, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

The defendant was charged with attempt murder (Ill. Rev. Stat. 1977, ch. 38, par. 8—4) and armed robbery (Ill. Rev. Stat. 1977, ch. 38, par. 18—2). Following a jury trial he was found not guilty of attempt murder but guilty of aggravated battery and armed robbery. He was sentenced to 25-50 years for the armed robbery and 3-9 years for the aggravated battery. He appeals, contending that the trial court committed reversible error in refusing his tendered instructions on reckless conduct. He also claims the sentence for armed robbery is excessive.

There was testimony that on January 25, 1978, defendant robbed Shirley Hafferty at gun point while she was working at a Stop-N-Go Food Mart. After she gave defendant the money from the register as he

demanded, he told her to go back to the cooler in the store. Defendant followed her into the cooler and shot her five times, the first shot in the back and the rest in her right thigh. The victim testified that she heard six shots and then a "click." She did not cry out during the shooting, and remained conscious.

After being shot, she got up, walked back to the store counter, and called the police. The gun which defendant used, a .22-caliber pistol, was admitted into evidence as well as a spent bullet recovered from the cooler. Defendant made an oral statement to the police shortly after his arrest that he committed the robbery and shot the woman "but he didn't know why."

Defendant testified at trial that on the night of the incident he was at his brother's house, where he was then living. His brother asked him to join in an armed robbery and he agreed. Before they left, his brother handed him the gun. Defendant always kept it loaded with blanks because of his brother's two daughters. He did not check to see what kind of ammunition it contained before the incident.

Defendant stated that after the victim gave him the money he started to leave the store and that she then stepped out from behind the counter. He asked what she was doing and she said she was going to follow him and get his license number. He then told her to walk back to the cooler and shot at her legs. He pulled the trigger five times. He "just wanted to scare her, and I didn't want the little waddings to hurt her at all." He didn't know the gun was loaded with real bullets and still didn't know why he shot her. She fell to the floor between the second and third time he fired the gun. She didn't scream, jump, or quiver when he shot her.

On rebuttal, the victim denied that she made any move to follow defendant out of the store or said she wanted to get his license plate number.

At the instruction conference, defense counsel offered instructions and forms of verdict on the offense of aggravated battery which were given by the court. Defense counsel also offered instructions defining reckless conduct which were refused.

Premised on his claim that reckless conduct (Ill. Rev. Stat. 1977, ch. 38, par. 12—5) is a lesser included offense of aggravated battery, defendant contends that since there was some evidence that defendant believed that the gun was loaded with blanks the jury could have concluded that he acted recklessly rather than intentionally. He argues that the fact that the jury found him not guilty of attempt murder shows their belief that he did not act intentionally. The State contends that reckless conduct is not a lesser included offense of aggravated battery and that in any event there is insufficient evidence of reckless conduct to go to the jury.

It should be noted that the defendant was charged with attempt murder, not with aggravated battery. The preliminary question, not argued, is thus whether reckless conduct is a lesser included offense of attempt murder. The Illinois Supreme Court has declined under similar circumstances to decide whether reckless conduct is a lesser included offense of attempt murder. (*People v. Roberts* (1979), 75 Ill. 2d 1, 15.) We also decline.[1]

■■ It is undisputed that a defendant is entitled to a tendered instruction as to a lesser included offense if there is any evidence fairly tending to bear upon it. *People v. Lefler* (1967), 38 Ill. 2d 216, 222. See also *People v. Boisvert* (1975), 27 Ill. App. 3d 35, 42-43.

■■ On this record, however, we conclude that the trial court did not err in refusing the instruction as to reckless conduct even under the assumption that it is a lesser included offense of the one charged. Defendant's statement that he did not intend to harm the victim does not compel the conclusion that he merely acted recklessly. (*People v. Cannon* (1971), 49 Ill. 2d 162, 166.) Defendant's testimony that he aimed at the victim's legs so that the waddings in the blanks would not hurt her evidenced his knowledge that blanks can cause bodily harm. A defendant is presumed responsible for the consequences of his own acts where he knowingly engages in the activity. (*People v. Rickman* (1979), 73 Ill. App. 3d 755, 759-60.) Also, defendant testified that the victim fell between the second and third shots, which belies his belief that the gun contained blanks. At the point where he continued to fire at the victim after she fell, he must have been practically certain that the result of his conduct was bodily harm. In *People v. Metts* (1975), 30 Ill. App. 3d 868, 871-72, defendant maintained that she did not know the gun was loaded so her conduct was merely reckless. We reject that contention noting that the second shot killed the victim, and stated: "Any doubt as to the fact that she knew the gun was loaded is erased by the circumstance that the gun discharged the first time." (*Metts*, at 871-72.) In *People v. Bowen* (1980), 87 Ill. App. 3d 221, 227, the defendant was convicted of murder and argued that the court erred in refusing his involuntary manslaughter instruction. He testified that he used a lighter in order to see into a dark room in the house where his family perished; that when the lighter struck the curtain he withdrew his hand and fled but did not ascertain whether the curtain

---

[1] It is doubtful that aggravated battery was properly considered a lesser included offense of attempt murder. Attempt murder can be committed without any physical contact (such as where A shoots at B with intent to kill but misses). Thus one could commit the greater offense, attempt murder, without committing aggravated battery, so that aggravated battery is not the lesser included offense of attempt murder. (*Cf. People v. Thompson* (1977), 55 Ill. App. 3d 795, 797-98.) On similar reasoning, aggravated assault has been held not to be a lesser included offense of attempt murder. *People v. Tiller* (1978), 61 Ill. App. 3d 785, 795.

ignited and that this supported a claim of recklessness. The court, however, noted that the defendant admitted that he was at the scene of the fire and struck the curtain knowing that there were people in the house, that this was an intentional act and that there was no evidence to justify the submission of the instruction. We conclude that here, too, there is only an intentional act with no evidence to support defendant's theory that he acted recklessly.

The cases cited by the defendant which involve instructions on involuntary manslaughter are inapposite. In *People v. Kelly* (1975), 24 Ill. App. 3d 1018, and in *People v. Farmer* (1977), 50 Ill. App. 3d 111, the defendants claimed that they did not aim at the victim unlike the case before us. *People v. Hines* (1975), 31 Ill. App. 3d 295, does not support the defendant's contention, since Hines at no time stated that he aimed directly at the victim.

We therefore conclude that there is no evidence in the record which, if believed by the jury, would have reduced the crime to reckless conduct.

■■ The defendant has also claimed that the 25- to 50-year sentence for armed robbery was an abuse of discretion. He principally contends that the court improperly considered the potential as opposed to the actual seriousness of the harm to the victim. However, "[t]he fact that no actual harm occurred to the victims of the armed robbery is irrelevant." (*People v. Godinez* (1980), 81 Ill. App. 3d 547, 549.) Here, of course, the victim was harmed. The trial court did not abuse its discretion in finding the unprovoked and wanton attack to warrant a substantial sentence. The circumstances of this offense speak for themselves and the defendant's past record of convictions does not impel a reduction of the sentence. *People v. Perruquet* (1977), 68 Ill. 2d 149.

The judgments are affirmed.

Affirmed.

WOODWARD and LINDBERG, JJ., concur.