THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. DAVID WILLIS, Defendant-Appellant.

Third District   No. 3—87—0393

Opinion filed June 14, 1988.

HEIPLE, J., dissenting.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

Erik I. Blanc, State's Attorney, of Pekin (Gary F. Gnidovec, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

A jury found the defendant, David Willis, guilty of two counts of aggravated battery and one count of resisting a peace officer. The court sentenced the defendant to five years' imprisonment on one count of aggravated battery. The defendant appeals, arguing that the trial court erred in refusing his request to instruct the jury on the lesser included offense of reckless conduct. We reverse.

At trial, three witnesses testified for the State. Jim Abner, a public safety officer at Illinois Central College, testified that on February 11, 1987, he was called to an on-campus incident between the defendant and several students. To clear up the incident, Abner began escorting the defendant and two of the students to a campus security office. Abner entered an elevator and requested the defendant to accompany him. The defendant instead shoved Abner into the elevator and began wrestling with him. During the struggle, Abner felt pain in his groin. The defendant then attempted to back out of the elevator, fell and kicked Abner again. According to Abner, another campus employee, Kevin Holt, ultimately subdued the defendant until the police arrived. On cross-examination, Abner affirmatively answered defense counsel's question of whether during the elevator scuffle the defendant was "wild and flailing about."

David Carr testified that he was one of the individuals both involved in the original incident with the defendant and escorted away by Officer Abner. When the group reached the elevator, Carr observed Abner enter the elevator and ask the defendant to follow. Instead of entering, the defendant fought with Abner, kneeing the officer in the groin at least once, perhaps twice. The defendant was then subdued by Abner and another man. On cross-examination, when defense counsel asked whether the defendant had been wild and flailing about during the time Abner was struck in the groin, Carr responded affirmatively.

Kevin Holt, a maintenance man at the college, testified that he aided Officer Abner in escorting individuals from the scene of the original scuffle to an elevator. At the elevator, Holt observed Abner place his hand on the defendant's arm to escort him into the elevator. At this point, the defendant broke Abner's hold and shoved Abner two or three times. Holt then grabbed the defendant and placed him in a full nelson hold to subdue him. The defendant attempted to es-

cape Holt's hold and then kicked Abner twice in the groin. On cross-examination, when the defendant's attorney asked Holt whether the defendant had been wild and flailing about when Holt held the defendant in the full nelson hold, Holt responded that the defendant had been resisting his hold.

The State rested its case. The defendant presented no evidence. During the jury instructions conference, the defendant tendered an instruction for reckless conduct. The court refused the instruction.

On appeal, the defendant argues that there was evidence before the jury that his actions were reckless and wanton, not deliberate. The defendant notes both that Abner and Carr stated that the defendant was wild and "flailing about" when he struck Abner and that Holt saw the defendant kick Abner while trying to escape Holt's grasp. The defendant argues that, from that evidence, the jury could have found the defendant guilty of the lesser offense of reckless conduct and should have been so instructed.

The defendant notes two cases where the trial court erroneously refused jury instructions on reckless conduct. In *People v. Perry* (1974), 19 Ill. App. 3d 254, 311 N.E.2d 341, the victim testified that when her friend threw a bottle toward the defendant, a gun held by the defendant discharged and the shot hit the victim. The defendant testified that when he put up his shoulder to shield himself from the bottle, the gun came out of the waistband of his pants and went off. In *People v. Sibley* (1981), 101 Ill. App. 3d 953, 428 N.E.2d 1143, the father of the victim testified that the defendant was pointing a shotgun at him, demanding the return of some tools. The father then reached for the gun. The pair struggled and the defendant pulled the trigger, shooting the victim. The defendant testified that he was using what he thought to be an unloaded shotgun in order to scare the father into returning his tools. As the defendant lowered the weapon, the father grabbed the gun, they struggled and the gun went off. In both *Sibley* and *Perry*, the appellate court held that from the evidence the jury could have believed that the defendant's actions constituted reckless conduct.

The State counters that there was no evidence to establish that the defendant's kicking of Abner occurred when he was "wild and flailing about." The State argues that the defendant's conduct was deliberate and purposeful and it cites case law to support its position that the trial court acted correctly.

In *People v. Smith* (1980), 90 Ill. App. 3d 83, 412 N.E.2d 1102, for example, the victim testified that the defendant walked up to her, reached into his coat pocket and shot her in the abdomen. The defend-

ant testified that the victim bumped into him and the gun in his pocket went off. In *People v. Harris* (1980), 90 Ill. App. 3d 703, 413 N.E.2d 499, the victim stated that after she gave the defendant the money in her store's cash register, the defendant shot her four times in the leg. The defendant testified that he thought that the gun was loaded with blanks and that he shot the victim only to intimidate her. In each case, the appellate court held that the tendered instructions on reckless conduct were properly refused where no evidence was presented to show that either defendant's conduct was reckless.

Section 12—5 of the Criminal Code of 1961 (the Code) defines reckless conduct as follows:

> "Sec. 12—5. Reckless Conduct. (a) A person who causes bodily harm to or endangers the bodily safety of an individual by any means, commits reckless conduct if he performs recklessly the acts which cause the harm or endanger safety, whether they otherwise are lawful or unlawful." (Ill. Rev. Stat. 1985, ch. 38, par. 12—5(a).)

In pertinent part, section 4—6 of the Code defines "recklessness" as follows:

> "Sec. 4—6. Recklessness. A person is reckless or acts recklessly, when he consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, described by the statute defining the offense; and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation." Ill. Rev. Stat. 1985, ch. 38, par. 4—6.

■ Reckless conduct may be a lesser included offense of aggravated battery. (*People v. Perry* (1974), 19 Ill. App. 3d 254, 311 N.E.2d 341.) It is well settled that a defendant is entitled to a tendered instruction on a lesser included offense if there is any evidence fairly tending to bear upon it. *People v. Harris* (1980), 90 Ill. App. 3d 703, 413 N.E.2d 499.

■ In the case at hand, there is evidence which was sufficient to create an issue of fact as to whether the defendant acted "knowingly" or "recklessly." Abner and Carr admitted on cross-examination that during the struggle the defendant had been "wild and flailing about." More importantly, Holt testified on direct examination that the defendant kicked Abner while attempting to escape from Holt's full nelson hold. As in *Sibley* and *Perry*, and unlike in *Smith* and *Harris*, the testimony here constituted some evidence of reckless conduct.

We find that the trial court erred in refusing to instruct the jury

on the lesser included offense of reckless conduct. Accordingly, the judgment of the circuit court of Tazewell County is reversed and remanded for a new trial.

Reversed and remanded.

WOMBACHER, J., concurs.

JUSTICE HEIPLE, dissenting:

The defendant in this case was convicted of aggravated battery for kicking a security officer in the groin. The evidence is indisputable that the defendant was the moving party in the scuffle with the officer. Defendant shoved the officer into an elevator, wrestled with the officer, and forcibly kneed and kicked the officer in the groin.

The majority sees fit to order a new trial for the sole reason that the jury was not instructed on the lesser offense of reckless conduct. Why does the majority reason thusly? Because one witness described the defendant's conduct as "wild and flailing about." If defendant was "wild and flailing about," says the majority, then perhaps his conduct was not intentional but was merely reckless.

In the first place, the defendant plainly knew what he was doing. He forcibly attacked the officer and persisted in the attack. That his kicks to the groin may have been intended for a different part of the officer's anatomy is not only unlikely beyond a reasonable doubt, it is entirely immaterial.

It would be a queer situation in law to permit an attacker who intentionally batters another to assert that while he, of course, intended to hit the victim about the head, face and body, that the blows which caused hurt and injury were carelessly delivered to the wrong body parts and with more force than was intended; that the hurtful blows were recklessly made. Only the harmless blows were intentional. If we accept the rationale of the majority in the case at hand, we are virtually there.

Simply because a defendant may not have intended to harm the victim does not compel the conclusion that he acted recklessly. (*People v. Harris* (1980), 90 Ill. App. 3d 703.) Further, a defendant is presumed responsible for the consequences of his acts when he knowingly engages in the activity. A case on point is *People v. Rickman* (1979), 73 Ill. App. 3d 755, where this court considered a similar issue to the one presented here.

In *Rickman*, a security manager of a department store attempted to restrain the defendant for suspected shoplifting. The defendant

struggled to escape restraint and handcuffing until he eventually fell on top of the security guard's ankle and broke it. Rickman was charged with and found guilty of aggravated battery. On appeal, Rickman argued that the State failed to prove that he knowingly caused great bodily harm to the security guard, that a person knowingly causes great bodily harm when he is consciously aware that such a result is practically certain to be caused by his conduct, and that he was attempting to escape, not harm the victim. This court disagreed, saying:

> "In order for [Rickman] to be proved guilty of aggravated battery, the State need only show that he knowingly scuffled with [the victim] and that [the victim] received great bodily harm as a result of the scuffle. That [Rickman] did not intend to break [the victim's] ankle is immaterial; he did intend to scuffle with [the victim] and he must accept responsibility for the result of the scuffle. Anyone who engages in a scuffle must be deemed to be aware that someone may be injured as a result." *Rickman*, 73 Ill. App. 3d at 760.

The trial court was correct in refusing to instruct the jury on reckless conduct; this conviction should be affirmed, not reversed or remanded. Accordingly, I dissent.