THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
CLIDELL STEVENSON, Defendant-Appellant.

Second District    No. 2—88—0276

Opinion filed April 11, 1990.

G. Joseph Weller and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford (William L. Browers and Colleen M. Griffin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOODWARD delivered the opinion of the court:

Defendant, Clidell Stevenson, appeals his conviction of attempt (murder) (see Ill. Rev. Stat. 1987, ch. 38, pars. 8—4, 9—1). Defendant was charged on October 3, 1987, by a criminal complaint alleging attempt with intent to commit first-degree murder by shooting Mantella Stevenson. On November 18, 1987, an indictment was returned consisting of count I charging attempted first-degree murder by pointing a gun at and shooting at Essie Stevenson with intent to kill her; count II charging unlawful use of weapons in carrying a shotgun with a barrel less than 18 inches; and count III charging unlawful use of weapons by a felon. Defendant was convicted by a jury on all three counts, and the trial judge sentenced defendant under count I to 24 years' imprisonment and under count III to five years' imprisonment, the sentences to run concurrently.

Defendant raises one issue on appeal: whether the trial court erred when it refused to instruct the jury on reckless conduct as a lesser-included offense. A brief summary of the evidence adduced at trial revealed the following versions of the events of October 3, 1987.

Defendant's seven-year-old daughter Shonedell testified that she and her younger brothers Mantella and Marquette were at home with a baby-sitter. The three children had been sleeping on a love seat in the living room. When defendant and his wife, Essie, came home, they "started saying bad words." Shonedell stated that she saw defendant hit her mother with a closed hand on the back of her neck. Essie then walked over by the love seat, and defendant went to the couch and took a gun out of a bag. Defendant threw the bag at Essie and then pointed the gun at her. Essie ducked, and the bullet fired by the defendant from his gun hit Mantella in the hand and leg.

Defendant testified to different facts: that he kept a gun under cushions in the couch for protection after his house had been burglarized. On the night in question, defendant and Essie came home at approximately 3 a.m. The house was dark, and defendant could not see the children in the living room. When his eyes became accustomed to the dark, he saw the handles of the bag containing the gun sticking out from under a cushion of the couch. He walked over to the couch and pulled out the bag. While the gun was still in the bag, it discharged, firing the bullet which struck Mantella. Defendant testified that he did not fire the gun, nor did he point it at his wife. Likewise,

his wife, Essie, denied that defendant pointed the gun at her.

The State tendered and the court gave instructions covering count I, *i.e.*, attempted first-degree murder of Essie Stevenson. Also, the court gave instructions defining unlawful use of a weapon and unlawful use of a weapon by a felon as charged in counts II and III of the indictment. The defendant requested the court to instruct the jury on the charge of reckless conduct as a lesser-included offense on the theory that the evidence could support a conviction. In discussion with the trial judge, the State cited *People v. Primmer* (1983), 111 Ill. App. 3d 1046, and *People v. Smith* (1980), 90 Ill. App. 3d 83, as cases holding that reckless conduct was not a lesser-included offense to the charge of attempted murder. The trial judge refused the defendant's instructions on reckless conduct, stating that he was bound by the above two appellate cases.

The trial court, at the State's request, gave Illinois Pattern Jury Instructions, Criminal, No. 6.07 (2d ed. 1981), which stated in part as follows:

> "To sustain the charge of attempt, the State must prove the following propositions:
>
> *First*: That the defendant performed an act which constituted a substantial step toward the commission of the offense of first degree murder of Essie Stevenson; and
>
> *Second*: That the defendant did so with intent to commit the offense of first degree murder of Essie Stevenson."

The defendant's attorney tendered two instructions, the first of which was Illinois Pattern Jury Instructions, Criminal, No. 5.01 (2d ed. 1981), which defines recklessness as follows:

> "A person acts recklessly when he consciously disregards a substantial and unjustifiable risk that circumstances exist or that a result will follow, and such disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation."

The second instruction tendered by defendant's attorney was Illinois Pattern Jury Instructions, Criminal, No. 11.14 (2d ed. 1981), which set forth the elements of reckless conduct in part as follows:

> "To sustain the charge of reckless conduct, the State must prove the following proposition:
>
> That the defendant recklessly performed an act which caused bodily harm to Mantella Stevenson."

Both of the instructions tendered by defendant's attorney were refused by the trial court.

Defendant argues that his conduct of pulling the handles of the

bag containing his sawed-off shotgun from under the couch cushion in a darkened room with other persons present constituted reckless conduct as defined by the instructions tendered by his attorney.

Early cases involving a lesser-included offense were determined on the basis of the statutory definition of the crimes involved, namely, the assertion of the elements of the lesser crime were included in the definition of the greater offense. In the more recent cases, our supreme court has gone beyond the abstract statutory definition and looked to the language used in the charge or indictment and the evidence presented at the trial.

Defendant cites, among other cases, *People v. Dace* (1983), 104 Ill. 2d 96, 103, for the proposition that in all criminal cases tried by a jury, the defendant should have the benefit of having the jury instructed on any theory which the evidence would support. In *People v. Dace*, the court determined that where the defendant was charged with residential burglary with intent to commit theft and the offense of theft was proved by the evidence, he was entitled to have the jury instructed on the offense of theft as a lesser-included offense.

■ In *People v. Bryant* (1986), 113 Ill. 2d 497, the defendant was charged with the crime of attempted burglary. At the conclusion of the trial, he tendered an instruction on the offense of criminal damage to property as a lesser-included offense. This instruction was refused, and the jury found him guilty of attempted burglary. On appeal, the appellate court reversed the conviction, determining that the trial court erred in refusing the tendered instructions defining the crime of criminal damage to property. On appeal, the supreme court stated in part as follows:

> "The principle is well established that a defendant may be entitled to have the jury instructed on a less serious offense that is included in the one he is charged with. [Citation.] The reason for this is clear: an instruction on a lesser offense provides an important third option to a jury which, believing that the defendant is guilty of something but uncertain whether the charged offense has been proved, might otherwise convict rather than acquit the defendant of the greater offense." (*Bryant*, 113 Ill. 2d at 502.)

The *Bryant* court pointed out that section 2—9 of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, par. 2—9) states that definitions of "included offenses"

> "do not explain 'which of the following is determinative in deciding if a particular offense is an included offense of another: the abstract statutory definition of the greater crime; the

greater crime as it is alleged in the indictment or other charging document; or the greater crime as its necessary elements are proved at trial.' " (*Bryant*, 113 Ill. 2d at 503.)

The court further observed that *People v. Dace* (1984), 104 Ill. 2d 96, relied "both on the language used in the charging instruments and the evidence presented at the trials." (*Bryant*, 113 Ill. 2d at 503.) In holding that the trial court was in error in refusing the instruction on criminal damage to property, the court stated:

"The distinction to be drawn was that between vandalism and attempted burglary. As we have suggested, *the evidence presented at trial could have rationally sustained a conviction for the lesser offense and an acquittal on the greater.*" (Emphasis added.) (*Bryant*, 113 Ill. 2d at 506.)

Thereafter, the court made the following comments in reference to lesser-included offenses:

"There are several notable limits on the operation of the included-offense doctrine, however. For example, because a defendant's instruction on a lesser offense is appropriate 'if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater' [citation], the evidence presented in a particular case might rationally preclude the use of an instruction on a lesser offense. [Citations.] Moreover, an included-offense instruction " 'is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense.' " [Citation.] Thus, instructions on less serious offenses are not required in every case." *Bryant*, 113 Ill. 2d at 507.

In *People v. Krueger* (1988), 176 Ill. App. 3d 625, this court, relying on *People v. Bryant* and *People v. Dace*, concluded that, where the defendant was charged with attempted murder, it was reversible error to refuse to instruct the jury on the offense of aggravated assault when the evidence at trial could support a conviction of aggravated assault.

Since the decision in *People v. Krueger*, our supreme court issued its opinion in *People v. Schmidt* (1988), 126 Ill. 2d 179. In that case, the defendant was charged only with residential burglary. However, at the defendant's request, the jury was instructed as to the offense of theft. The jury found him guilty of both residential burglary and theft.

On appeal by the State, our supreme court in *People v. Schmidt* affirmed defendant's conviction of residential burglary but agreed that the conviction of theft was improper and vacated it. The court

held that where an accused is charged with a single offense, he cannot be found guilty of an offense not charged unless it is a lesser-included offense and that theft was not a lesser-included offense to residential burglary in this case.

In *People v. Willis* (1988), 170 Ill. App. 3d 638, the defendant was found guilty of two counts of aggravated battery and one count of resisting a peace officer. The defendant appealed, claiming error by the trial court in refusing to give an instruction on the lesser-included offense of reckless conduct. In the trial court, there was evidence of the defendant wrestling with a police officer, and one of the witnesses testified that defendant was "flailing about." On appeal, the appellate court held that error occurred in failing to give the requested instruction. The court stated:

"Reckless conduct may be a lesser included offense of aggravated battery. [Citation.] It is well settled that a defendant is entitled to a tendered instruction on a lesser included offense if there is any evidence fairly tending to bear upon it. [Citation.]

In the case at hand, there is evidence which was sufficient to create an issue of fact as to whether the defendant acted 'knowingly' or 'recklessly.' " *Willis*, 170 Ill. App. 3d at 641.

As hereinbefore set forth, the defendant's testimony as to what occurred on October 3, 1987, was in evidence before the jury. His testimony constituted some evidence of reckless conduct which was sufficient to create an issue of fact as to whether the defendant acted "knowingly" or "recklessly."

Both the State and the defendant are entitled to appropriate instructions which present their theories of the case to the jury when the evidence supports such theories. (*People v. Lyda* (1989), 190 Ill. App. 3d 540, 544.) A defendant is entitled to the benefit of any defense shown by the *entire* evidence, even if the facts on which the defense is based are inconsistent with a defendant's own testimony. (*Lyda*, 190 Ill. App. 3d at 544.) Very slight evidence upon a given theory of a case will justify the giving of an instruction. *Lyda*, 190 Ill. App. 3d at 544.

We find that the trial court erred in refusing to instruct the jury on the lesser-included offense of reckless conduct. Accordingly, the judgment of the trial court is vacated, and the case is remanded for a new trial.

Judgment vacated; cause remanded.

UNVERZAGT, P.J., and DUNN, J., concur.