THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BILL HALL, Defendant-Appellant.

Fifth District   No. 5—88—0191

Opinion filed February 23, 1990.

534

Daniel M. Kirwan and Edwin J. Anderson, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Charles Garnati, State's Attorney, of Marion (Kenneth R. Boyle, Stephen E. Norris, and Ellen Eder Irish, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE RARICK delivered the opinion of the court:

Defendant, Bill Hall, was convicted after a bench trial in the circuit court of Williamson County of aggravated criminal sexual assault and aggravated criminal sexual abuse. He was sentenced to concurrent terms of eight and four years' imprisonment respectively. On appeal defendant contends the State failed to prove him guilty beyond a reasonable doubt of either offense and that the trial court erred in sustaining the State's objection to a medical report on relevancy grounds. We affirm.

Sometime during the month of February 1987 on a Friday evening, defendant picked up his then 10-year-old niece, the victim, from her parents' house to drop her off at her aunt's house for the weekend. The aunt was also the ex-wife of the defendant. Instead of taking the victim to her aunt's, defendant drove to his own apartment. Defendant had been drinking, and according to the victim, smelled of alcohol. Defendant and the victim watched television until defendant walked over to the victim and fondled her breasts and vaginal area. Defendant then drove the victim to a liquor store and a bar, and after consuming additional alcohol, returned to his apartment. Once back at the apartment, defendant threw the victim on the bed, removed some of her clothing, fondled her breasts again and then had intercourse with her. Defendant spoke little during this entire sequence of events but did warn the victim not to tell anyone or else he would hurt her mother. Defendant stopped the assault when one of the victim's friends knocked on the front door. The victim pulled on her clothing and answered the door. She went bike riding with her friend but said nothing about the incident. She testified she was afraid to tell anyone anything. After she returned, defendant drove her to her aunt's for the weekend as planned. The victim apparently did not mention anything about the incident until later the next week at school. Eventually one of the victim's teachers learned of the assault and informed the victim's mother and the Department of Children and Family Services (DCFS). Upon being interviewed about the assaults, defendant remembered being intoxicated and admitted to fondling the victim's breasts but denied any acts of intercourse. He

later admitted to having rubbed his penis on the victim's vagina. The interviewers further testified that when defendant made his admissions, he quite often changed specific facts and ·stated he could not remember others.

Defendant argues on appeal the State failed to prove him guilty of either aggravated criminal sexual abuse or aggravated criminal sexual assault when his admissions were unreliable and supported only by the victim's unlikely and inconsistent testimony. Defendant points out the incident occurred when he was intoxicated, he could not remember many of the details, and he frequently changed his story to agree with what interviewers told him happened. Defendant believes he was led into making incriminating statements, and therefore his admissions are unreliable. He also argues the victim's testimony is incredible in that she never appeared disturbed, did not speak out at the bar after the first incident of touching, did not talk to her friend immediately after the assault and visited him in jail several times after the incident while he .was confined on unrelated charges. Defendant further believes the victim was inconsistent in her sequence of events and time of occurrence, thereby casting doubt upon her credibility. The State initially counters defendant has waived this issue by not including it in his post-trial motion. The .State further argues defendant's confession, coupled with the victim's testimony, was more than sufficient to find him guilty beyond a reasonable doubt of both offenses.

■■ Contrary to the State's initial assertion, any argument pertaining to the State's failure to prove defendant guilty beyond a reasonable doubt cannot be waived by failure to include the issue in a post-trial motion. (See *People v. Enoch* (1988), 122 Ill. 2d 176, 190, 522 N.E.2d 1124, 1131-32.) A challenge to the sufficiency of evidence to sustain a conviction presents an exception to the waiver rule and therefore is reviewable, notwithstanding any failure to raise the issue in a post-trial motion. (See, *e.g.*, *People v. Lighthall* (1988), 175 Ill. App. 3d 700, 705, 530 N.E.2d 81, 84; *People v. Marron* (1986), 145 ·Ill. App. 3d 975, 977, 496 N.E.2d 297, 299.) Accordingly, we will review defendant's contention.

■■ ■ When faced with a challenge to the sufficiency of the evidence, including sex offense cases, it is not the function of a reviewing court to retry the defendant. " '[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " (Emphasis in original.) (*People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d

267, 277, quoting *Jackson v. Virginia* (1979), 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789; *People v. Whitecotton* (1987), 162 Ill. App. 3d 173, 183, 514 N.E.2d 1160, 1167.) A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of the defendant's guilt. (*Collins*, 106 Ill. 2d at 261, 478 N.E.2d at 276; *People v. Britz* (1989), 185 Ill. App. 3d 191, 197-98, 541 N.E.2d 505, 509.) Defendant argues, however, the standard of review in sex offense cases is that found in *People v. Bartall* (1983), 98 Ill. 2d 294, 456 N.E.2d 59, wherein the court stated: " '[I]t is [a reviewing court's] duty *** not only to carefully consider the evidence but to reverse the judgment if the evidence is not sufficient to remove all reasonable doubt of the defendant's guilt and is not sufficient to create an abiding conviction that he is guilty of the crime charged.' " (*Bartall*, 98 Ill. 2d at 305-06, 456 N.E.2d at 64, quoting *People v. Jordan* (1954), 4 Ill. 2d 155, 156, 122 N.E.2d 209, 210.) We see little difference between these two "standards." If all reasonable doubt has not been removed, then naturally a reasonable doubt still remains. (But see *People v. Phillips* (1989), 181 Ill. App. 3d 144, 536 N.E.2d 1242 (Pincham, J., dissenting).) Defendant, however, points out that accusations of sexual offenses are easily made, hard to prove and harder to be defended by the party accused. Accordingly, when a defendant denies such charges, defendant asserts the conviction can be upheld only when there is either some corroboration of the victim's testimony by some other evidence, fact, or circumstance in the case, or the victim's testimony is otherwise clear and convincing. (See *People v. Daniels* (1987), 164 Ill. App. 3d 1055, 1073, 518 N.E.2d 669, 681-82.) Whether or not we agree with this contention, it is not applicable here. Defendant confessed to the charges. While defendant argues his confessions are unreliable, the fact of the matter is defendant never denied that any of the sexual acts took place. It may be true the circumstances of the acts as related by defendant may not match entirely with those detailed by the victim, but the sexual conduct admitted to by defendant clearly falls within the proscribed contact forbidden by statute. (See Ill. Rev. Stat. 1987, ch. 38, pars. 12—14(b)(1), 12—16(c)(1).) It simply is not necessary to have actual penile penetration in order to establish aggravated criminal sexual assault. (See *People v. Hebel* (1988), 174 Ill. App. 3d 1, 31-32, 527 N.E.2d 1367, 1386-87.) Any variances in his statements were minor at best and certainly were collateral to the acts themselves. We also find no evidence of any coercion being used on defendant to make such statements.

■■ Defendant contends, however, that under Illinois law the confession of a defendant standing alone is not sufficient to prove the *corpus delicti* of a crime. (See *People v. Lambert* (1984), 104 Ill. 2d 375, 378-79, 472 N.E.2d 427, 428-29. See also *People v. Willingham* (1982), 89 Ill. 2d 352, 358-60, 432 N.E.2d 861, 864-65.) While this is true, defendant refuses to acknowledge his confession, coupled with the victim's testimony at trial, constitutes more than sufficient evidence to sustain his convictions beyond a reasonable doubt. (See *People v. McNichols* (1986), 139 Ill. App. 3d 947, 953-54, 487 N.E.2d 1252, 1257.) Defendant asserts the victim's testimony is unlikely and inconsistent, but it is for the trier of fact to weigh the evidence and evaluate the credibility of witnesses. (See, *e.g., People v. Hutson* (1987), 153 Ill. App. 3d 1073, 1076, 506 N.E.2d 779, 781.) Minor inconsistencies in testimony do not destroy credibility; they merely go to the weight to be afforded that testimony. (See *Marron*, 145 Ill. App. 3d at 981, 496 N.E.2d at 302; *People v. Fleagle* (1984), 129 Ill. App. 3d 298, 302, 472 N.E.2d 155, 157.) Here, the victim unequivocally testified to certain acts committed upon her by defendant. We do not find it incredible, as does defendant, that she did not immediately tell her friend, her aunt or her mother about the assault. Quite simply, she feared defendant would hurt her or her mother. She also testified she was ashamed of the fact the assault had taken place. Once her mother knew about the incident, the victim related to her the details of the sexual assault perpetrated by her uncle, the defendant. Through all, the victim never wavered as to her basic allegations. We see no reason to disturb the judgment of the trial court in this instance. The victim's testimony and defendant's confession more than adequately corroborated each other to sustain defendant's convictions. See *People v. Webb* (1987), 153 Ill. App. 3d 1055, 506 N.E.2d 801.

■■ Defendant next argues the trial court erred in sustaining, on relevancy grounds, the State's objection to evidence of a medical examination finding a lack of penetration. We disagree. We first note defendant failed to preserve this issue for appeal by failing to file a post-trial motion. (See *Enoch*, 122 Ill. 2d at 185-86, 522 N.E.2d at 1129; *People v. Friesland* (1985), 109 Ill. 2d 369, 374, 488 N.E.2d 261, 262.) Unlike the prior sufficiency of evidence contention, defendant's second argument on appeal presents no exception to the waiver rule. We address the issue in any event, finding no merit to his claim.

■■ During defendant's cross-examination of the DCFS investigator, defense counsel attempted to present evidence through the use

of a report of a medical examination conducted upon the victim some two months after the assault, which report had been reviewed by the DCFS investigator in assessing the case, to rebut the victim's allegation that penetration occurred. In short, defendant attempted to have a social worker testify about the results of an examination performed by a physician. Such rank hearsay simply is not admissible. (See *McNichols,* 139 Ill. App. 3d at 955-56, 487 N.E.2d at 1259.) We find no abuse of the trial court's discretion in excluding the evidence offered in such a manner. (See *Fleagle,* 129 Ill. App. 3d at 305, 472 N.E.2d at 160. See also *Daniels,* 164 Ill. App. 3d at 1078, 518 N.E.2d at 685.) More importantly, the question of whether penile penetration in the commonly understood sense occurred is irrelevant. Sexual penetration under the aggravated criminal sexual assault statute is defined as any contact, however slight, between a sex organ of one person and a sex organ of another person. (See Ill. Rev. Stat. 1987, ch. 38, par. 12—12(f).) Defendant was charged with placing his penis *on* the victim's vagina. The lack of physical evidence of actual penile penetration therefore was not fatal to the State's case. (See *People v. DuPree* (1987), 161 Ill. App. 3d 951, 961, 514 N.E.2d 583, 589. See also *People v. Winfield* (1987), 160 Ill. App. 3d 983, 996, 513 N.E.2d 1032, 1039-40; *People v. Hope* (1986), 142 Ill. App. 3d 171, 174-75, 491 N.E.2d 785, 787-88.) Such evidence simply was not necessary in this instance. Furthermore, given the fact the examination occurred some two months after the assault, it is not surprising no evidence of penetration was found. Any possible error in excluding the evidence therefore was harmless.

For the aforementioned reasons, we affirm the judgment of the circuit court of Williamson County.

Affirmed.

HARRISON and GOLDENHERSH, JJ., concur.