THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
GARY L. MEADOR, Defendant-Appellant.

Fifth District   No. 5—89—0327

Opinion filed March 14, 1991.

R. Edward Veltman, Jr., of Crain, Cooksey & Veltman, Ltd., of Centralia, for appellant.

Don Sheafor, State's Attorney, of Vandalia (Kenneth R. Boyle and Stephen E. Norris, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE RARICK delivered the opinion of the court:

Defendant, Gary L. Meador, was charged with two counts of aggravated criminal sexual abuse and one count of aggravated criminal sexual assault. After a jury trial in the circuit court of Fayette County, defendant was found guilty of one count of aggravated criminal sexual abuse. The trial court granted a directed verdict on the other count of aggravated criminal sexual abuse, and the jury found defendant not guilty of the charge of aggravated criminal sexual assault. Defendant was sentenced to four years' probation conditioned on periodic imprisonment in the county jail. The sole issue on appeal is whether defendant was proved guilty of aggravated criminal sexual abuse beyond a reasonable doubt. Defendant contends the evidence was insufficient to sustain his conviction because the victim's testimony was neither clear and convincing nor substantially corroborated by other evidence. We affirm.

At some time between Christmas 1987 and early March of 1988, the victim and defendant were sitting on a couch in the living room of defendant's trailer. Defendant pulled the victim over to him, lifted up his bathrobe and made the victim, then age nine, put her hand on his "private." He then made her "push it up and down" until "white sticky stuff came out" on her hand. When defendant heard the victim's mother coming out of the bathroom, he pushed the victim away and told her to wipe her hand on his clothing. Defendant denied this encounter occurred and instead related a different incident of sexual contact. Defendant claimed he was lying on the bed in his bedroom with a pillow over his head while the victim's mother was in the bathroom. According to defendant, the victim came up to him and touched his "private." Defendant claimed he grabbed the victim's arm and pulled her away. The jury chose to believe the victim's version of the contact between the two. Again, the sole issue on appeal is whether the evidence was sufficient to prove defendant guilty of aggravated criminal sexual abuse beyond a reasonable doubt.

■■ ■ A criminal conviction will not be set aside unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of defendant's guilt. (*People v. Collins* (1985), 106 Ill. 2d 237, 261, 478 N.E.2d 267, 276.) It is not our function to retry defendant; rather, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*Collins*, 106 Ill. 2d at 261, 478 N.E.2d at 277; see also

*People v. Eyler* (1989), 133 Ill. 2d 173, 191, 549 N.E.2d 268, 276; *People v. Hall* (1990), 194 Ill. App. 3d 532, 535, 551 N.E.2d 763, 765.) Defendant asserts that in sex-offense cases a conviction can be upheld only when there is either some corroboration of the victim's testimony by some other evidence, fact, or circumstance in the case, or the victim's testimony is otherwise clear and convincing. While this apparently has been the "standard" applied in most sex-offense cases in the past, we are reminded of the supreme court's declaration in *People v. Pintos* (1989), 133 Ill. 2d 286, 549 N.E.2d 344, that the reasonable doubt test as set forth in *Collins* should be applied in reviewing the sufficiency of the evidence in *all criminal cases.* (133 Ill. 2d at 291, 549 N.E.2d at 346.) We therefore choose with this opinion to join the fourth district in rejecting the prior standard of review in reviewing the sufficiency of the evidence in sex-offense cases. We too believe the clear and convincing rule has outlived its usefulness, being both arbitrary and archaic in nature. (See *People v. Roy* (1990), 201 Ill. App. 3d 166, 185, 558 N.E.2d 1208, 1221; *People v. James* (1990), 200 Ill. App. 3d 380, 394, 558 N.E.2d 732, 742.) In no other category of crime is the testimony of the crime victim automatically suspect and held to a different standard in order to sustain a conviction. While it has been claimed that criminal charges involving sexual conduct are easier made and harder to defend against than in other classes of charges, so as to justify the use of the clear and convincing or corroboration rule (see, *e.g., People v. Nunes* (1964), 30 Ill. 2d 143, 146, 195 N.E.2d 706, 707), the truth of the matter is that accused perpetrators of sex offenses are not in fact "subject to capricious convictions by inflamed tribunals of justice," but rather the opposite is more often true. (See Note, *The Rape Corroboration Requirement: Repeal Not Reform,* 81 Yale L.J. 1365, 1373-84 (1972).) We also note we have no jury instruction in this State which requires closer scrutiny of a sex-crime victim's testimony than that of other witnesses. (See *People v. Rincon-Pineda* (1975), 14 Cal. 3d 864, 538 P.2d 247, 123 Cal. Rptr. 119 (use of such instruction specifically repudiated); see also *Taylor v. State* (1972), 257 Ind. 664, 278 N.E.2d 273; *State v. Feddersen* (Iowa 1975), 230 N.W.2d 510; Annot., 92 A.L.R.3d 866 (1979).) Nor do we have any instruction which directs the jury to make a preliminary determination whether a sex-crime victim's testimony is clear and convincing or substantially corroborated prior to arriving at a verdict. The use of such terminology on review serves only to cause confusion. We therefore choose to follow the dictates of *Pintos* and apply the standard of *Collins* in all future sex-offense cases.

■■ ■ Turning to the case before us now, even though the evidence against defendant is conflicting, viewed in the light most favorable to the prosecution it does provide a rational basis upon which a juror could find aggravated criminal sexual abuse to have been proved beyond a reasonable doubt. It is true the State did have difficulty eliciting any testimony from the victim at trial pertaining to any alleged sex offenses. But, what testimony was elicited was clear and detailed with respect to the description of the incident itself and displayed a certain knowledge a child victim would not likely have acquired in any other way than through sexual assault or abuse. The victim candidly admitted she did not tell the investigators everything because she was afraid and did not like talking about the matter. The fact minor discrepancies existed as to the precise time of the offense and the location of everyone during the offense does not render the victim's testimony incredible. Such discrepancies affect only the weight of her testimony and are to be evaluated by the trier of fact. (See, *e.g.*, *People v. Barlow* (1989), 188 Ill. App. 3d 393, 412-13, 544 N.E.2d 947, 960; *People v. Deal* (1989), 185 Ill. App. 3d 332, 337-38, 541 N.E.2d 695, 699.) We further note defendant had the opportunity to commit the crime and did admit to some sort of sexual contact with the child. Moreover, many details of his version corroborated those of the victim; specifically, the victim's mother was in the bathroom at the time of the touching, defendant was wearing a bathrobe, and defendant shoved the victim away at the end of the incident. Additionally, both defendant and the victim used the term "private" in describing the incidents. The only real difference between the two versions is defendant's mental state. Again, the resolution of factual disputes and the assessment of the credibility of witnesses are for the trier of fact. (*E.g.*, *Roy*, 201 Ill. App. 3d at 185, 558 N.E.2d at 1221.) Viewing all of the evidence together, we believe defendant was proved guilty of aggravated criminal sexual abuse beyond a reasonable doubt.

For the aforementioned reasons, we affirm the judgment of the circuit court of Fayette County.

Affirmed.

WELCH and GOLDENHERSH, JJ., concur.