THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MARK DAVIS, Defendant-Appellant.

Fifth District   No. 5—90—0828

Opinion filed June 8, 1992.

Daniel M. Kirwan and Robert S. Burke, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Paula Phillips, State's Attorney, of Effingham (Norbert J. Goetten, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WILLIAM A. LEWIS delivered the opinion of the court:

Defendant appeals from the denial of his post-conviction petition. He makes two arguments on appeal: (1) his conviction for possession of cannabis is improper because possession of cannabis is a lesser-included offense of possession of cannabis with intent to deliver; and (2) he was denied effective assistance of counsel in the post-conviction hearing because counsel did not comply with Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)). We vacate and remand.

Defendant was convicted of both possession of cannabis and possession of cannabis with intent to deliver. He now argues, for the first time, that the conviction for the lesser-included offense of possession of cannabis is improper. We agree.

There is no question that possession of cannabis is a lesser-included offense of possession of cannabis with intent to deliver. (*People v. Lewis* (1980), 83 Ill. 2d 296, 415 N.E.2d 319.) The State argues, however, that the conviction for the lesser-included offense should be "voidable" and not "void." If the judgment of conviction is voidable and the defendant did not raise this issue in the trial court, the defendant has waived any right to challenge this conviction on appeal. This argument is the official position of the first and third districts of the Illinois Appellate Court. *People v. Holder* (3d Dist. 1991), 213 Ill. App. 3d 109, 571 N.E.2d 528; *People v. Gray* (1st Dist. 1988), 171 Ill. App. 3d 860, 525 N.E.2d 1033, *appeal denied* (1988), 123 Ill. 2d 562, 535 N.E.2d 406.

We in the fifth district have ruled the opposite; a conviction on a lesser-included offense is "void" if there was a conviction for the greater offense, and an objection to the conviction can be raised at any time. (*People v. Johnson* (5th Dist. 1990), 200 Ill. App. 3d 1018, 558 N.E.2d 607.) The State now urges us to change our opinion to conform with the first and third districts. We refuse to do so.

The use of the words and concepts of "void" versus "voidable" has been the source of much confusion. It is interesting to note that the Illinois Supreme Court has not used these words in cases involving similar issues. (See *People v. Donaldson* (1982), 91 Ill. 2d 164, 435 N.E.2d 477; *People v. Russo* (1972), 52 Ill. 2d 425, 288 N.E.2d 412, *cert. denied* (1973), 410 U.S. 940, 35 L. Ed. 2d 606, 93 S. Ct. 1403; *People v. Cox* (1972), 53 Ill. 2d 101, 291 N.E.2d 1; *People v. Schlenger* (1958), 13 Ill. 2d 63, 147 N.E.2d 316; *People v. Whittington* (1970), 46 Ill. 2d 405, 265 N.E.2d 679.) The supreme court did, however, use the concept of "void" in *People v. Wade* (1987), 116 Ill. 2d 1, 506 N.E.2d 954, when it held that a sentence to probation for robbery was "void" after it was discovered later that the defendant had prior convictions for armed robbery and rape. The court stated:

> "A void judgment is one entered by a court without jurisdiction of the parties or the subject matter or that lacks '*the inherent power to make or enter the particular order involved.*'" (Emphasis added.) (*Wade*, 116 Ill. 2d at 5, 506 N.E.2d at 955, quoting *R.W. Sawant & Co. v. Allied Programs Corp.* (1986), 111 Ill. 2d 304, 309.)

The issue was not whether the trial judge had jurisdiction over the defendant or whether the trial judge had jurisdiction over a conviction for robbery, but rather the issue was whether the trial court had authority to assess a fine or impose a sentence other than that provided by statute. Section 5—5—3(c)(2)(F) of the Unified Code of Corrections (Ill. Rev. Stat. 1985, ch. 38, par. 1005—5—3(c)(2)(F)) did not provide for probation on a second conviction for a Class 2 felony. Thus, the trial court, even though it had jurisdiction over the party and the subject matter, was without authority to grant probation.

The State cites *People v. Rodriguez* (1988), 169 Ill. App. 3d 131, 523 N.E.2d 185, for the proposition that in order for a court order to be "void," the defendant must show that the court never obtained jurisdiction over the subject matter or person. The State argues that defendant has not shown that the court did not have jurisdiction over the criminal charge of unlawful possession of cannabis and, therefore, the conviction is "voidable."

This argument and *Rodriguez* ignore the further requirement that the court must have "the inherent power to make or enter" the conviction upon the lesser-included offense once the defendant has been convicted of the greater offense. The State never suggested or cited any authority to support the proposition that a court could enter a judgment on the lesser-included offense. In fact it is well established that a judgment cannot be entered on the lesser-included offense in a multiple-conviction situation where a single physical act is the basis for both charges. (*People v. Donaldson* (1982), 91 Ill. 2d 164, 435 N.E. 2d 477; *People v. Cox* (1972), 53 Ill. 2d 101, 291 N.E.2d 1; *People v. Schlenger* (1958), 13 Ill. 2d 63, 147 N.E.2d 316.) Thus, the trial court clearly lacked the inherent power to enter the conviction.

We note that in *Cox* the supreme court vacated the judgment of conviction and the sentence on the second count for indecent liberties with a child, even though this issue was first raised in the post-conviction hearing. The supreme court could have easily ignored the judgment of conviction, since the petitioner was only objecting to the concurrent sentences. This vacation of the judgment as to the conviction was consistent with prior decisions of *People v. Schlenger* (1958), 13 Ill. 2d 63, 147 N.E.2d 316, *People v. Russo* (1972), 52 Ill. 2d 425, 288 N.E.2d 412, and *People v. Whittington* (1970), 46 Ill. 2d 405, 265 N.E.2d 679.

We see no benefit to the State in having an illegal conviction on defendant's record. Defendant, however, can be prejudiced by this conviction. His criminal record will show this conviction, which could be considered on job applications, in setting bail on a new charge, in a

sentencing hearing on a new conviction, and in parole hearings. This double conviction for the same act can lead to an erroneous view that defendant has been convicted of two entirely separate crimes. It does not enhance justice to have this mistaken belief.

In *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, 844, *cert. denied* (1977), 434 U.S. 894, 54 L. Ed. 2d 181, 98 S. Ct. 273, the Illinois Supreme Court recognized this injustice when it stated:

> "Prejudice results to the defendant only in those instances where more than one offense is carved from the same physical act. Prejudice, with regard to multiple acts, exists only when the defendant is convicted of more than one offense, some of which are, by definition, lesser included offenses." (*King*, 66 Ill. 2d at 566, 363 N.E.2d at 844.)

Illinois courts agree that the defendant has been prejudiced, so why continue to prejudice the defendant by hiding behind a questionable technicality or confusing concept?

■ We hold that when there are multiple convictions for the same act, a conviction on a lesser-included offense affects substantial rights of the defendant and that conviction is void. We, therefore, vacate defendant's conviction on the lesser-included offense of possession of cannabis.

Defendant next complains that his post-conviction counsel was ineffective because he failed to comply with Supreme Court Rule 651(c). This rule provides:

> "The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner *** to ascertain his contentions of deprivation of constitutional right, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." 134 Ill. 2d R. 651(c).

Counsel stated in his certificate that, "I have examined the record of the proceedings at the trial *which were available to me* for an adequate presentation of the Petitioner's contentions on appeal." (Emphasis added.) This certificate was filed on January 17, 1991, but the transcript of the jury trial was not filed until April 3, 1991. The hearing on the post-conviction petition took place on November 5, 1990, and the ruling denying such petition was entered on November 19, 1990. Clearly, counsel did not have a report of the trial proceedings and did not comply with Rule 651(c). Counsel's failure to read the record of the trial proceedings raises the question of whether or not

counsel made those amendments to the *pro se* petition that were necessary for an adequate presentation of possible violations of petitioner's constitutional rights.

Defendant's post-conviction petition concerned a telephone call or calls made by a juror to the State's Attorney prior to the defendant's jury trial, in which the juror allegedly apologized to the State's Attorney for having voted to find a defendant not guilty in another unrelated trial. This evidence did not come to light until more than nine months after defendant's jury trial. This matter was ruled upon at the post-conviction hearing, and its correctness is not raised in this appeal.

We note that defendant was found guilty by a jury and that no post-trial motions were made and no appeal was taken. Thus, no attorney had examined the record of the trial proceedings until the office of the State Appellate Defender did so pursuant to this appeal.

The purpose of Rule 651(c) is not merely formal, but rather it is to ensure defendants are provided proper representation under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 *et seq.*). (*People v. Brown* (1972), 52 Ill. 2d 227, 230, 287 N.E.2d 663, 665; *People v. Garrison* (1969), 43 Ill. 2d 121, 124, 251 N.E.2d 200, 201; *People v. Slaughter* (1968), 39 Ill. 2d 278, 235 N.E.2d 566.) Thus, the record must show that the defendant's post-conviction attorney examined the record of the trial proceedings by filing a certificate of compliance or establish compliance by an affirmative showing in the record that counsel examined all pertinent portions thereof. *People v. Wilson* (1985), 132 Ill. App. 3d 48, 477 N.E.2d 24; *People v. Bennett* (1980), 82 Ill. App. 3d 596, 601, 403 N.E.2d 50, 55; *People v. Toles* (1975), 30 Ill. App. 3d 837, 335 N.E.2d 188; *People v. Bonn* (1974), 19 Ill. App. 3d 443, 311 N.E. 2d 766; *People v. Brown* (1972), 52 Ill. 2d 227, 287 N.E.2d 663.

██ In the case at hand, there is no showing by a certificate of compliance or in the record that defendant's post-conviction counsel examined the record of the trial proceedings. Our ruling is consistent with *People v. Carter* (4th Dist. 1992), 223 Ill. App. 3d 957, 586 N.E.2d 835, which held that "[c]ounsel must examine the entire trial record to ascertain all possible violations of defendant's constitutional rights." 223 Ill. App. 3d at 963, 586 N.E.2d at 839.

We note that defendant's appellate counsel raises several issues in this appeal in an attempt to prove that defendant's counsel in the post-conviction hearing was ineffective because he could have raised the constitutional issue that defendant received ineffective assistance of counsel at the jury trial. It could be argued that, now that appel-

late counsel has apparently examined the record of the trial proceedings, we should rule on the issue of whether trial counsel met the standards provided by *Strickland v. Washington* (1984), 466 U.S 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, *reh'g denied* (1984), 467 U.S. 1267, 82 L. Ed. 2d 864, 104 S. Ct. 3562. We decline to do so, for we do not believe it is necessary. If we were to rule on the effectiveness of trial counsel pursuant to the appellate defender's brief, we would in effect be emasculating Rule 651(c). There would not be any reason for post-conviction counsel to comply with Rule 651(c) because counsel would know that the appellate counsel would perform post-conviction counsel's duty.

We remand this cause to the trial court with instructions to vacate the judgment for unlawful possession of cannabis and to appoint post-conviction counsel, so that counsel can comply with Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)).

Vacated and remanded with instructions.

RARICK and HARRISON, JJ., concur.