THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANGELO M. OUSLEY, Defendant-Appellant.

Third District   No. 3—96—0470

Opinion filed July 10, 1998.—Rehearing denied August 18, 1998.

Mark D. Fisher, of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (John X. Breslin and Terry A. Mertel, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

After a jury trial, defendant, Angelo M. Ousley, was found guilty of home invasion, two counts of aggravated criminal sexual assault, robbery, and residential burglary (720 ILCS 5/12—11, 12—14(a)(2), 12—14(a)(4), 18—1, 19—3 (West 1994)). The jury returned a not guilty verdict on the charge of criminal sexual assault (720 ILCS 5/12—13 (West 1994)). On appeal, defendant contends, among other things, that: (1) his convictions for aggravated criminal sexual assault should be reversed outright because they are legally inconsistent with his acquittal on the lesser-included charge of criminal sexual assault; and (2) his other convictions should be reversed and remanded for a new trial due to the trial court's error in admitting certain inadmissible, plea-related statements. For the reasons that follow, we reverse each of defendant's convictions and remand defendant's cause for a new trial on the charges of home invasion, robbery, and residential burglary. Due to our disposition of defendant's cause, we decline to address the other claims of error raised in defendant's brief.

## FACTS

At trial, Teresa Hammond testified she went to the home of JoAnn McConville, a friend, on April 5, 1995, to do her laundry. Hammond took her laundry to the basement and returned upstairs. She then observed a man, whom she identified in court as defendant, standing at a sliding glass door that opened onto the kitchen. She opened the door to ask whether she could help the man. The man then forced his way into the house, pushed her into the living room, and informed her that he had a knife. The man struck Hammond in the face, pulled off her sweatpants and underpants, and had forced sexual intercourse with her. After the attack, the man demanded money. Hammond retrieved $31 from the basement which she surrendered to her assailant. The man fled. Hammond called for emergency assistance.

Susan Lenger, a neighbor of JoAnn McConville, testified that on April 5, 1995, she observed a man, whom she identified in court as defendant, run towards the alley. She then saw the man struggle to open the driver's side door of a light blue car and watched him as he experienced difficulty starting the vehicle. The man eventually succeeded in starting the car and driving away. In court, Lenger identified

the car in photographs as the vehicle she had seen. Lenger also identified a jacket and a pair of pants as the same type of clothing worn by the man.

Police investigator Stephen Harder testified he questioned defendant on April 7, 1995. At that time, defendant confessed to sexually assaulting and robbing Hammond. Defendant told Harder that he and Demerick Pugh[1] were walking to school on April 5, 1995, when Pugh pointed out a parked car that Pugh said was unlocked and could be started without a key. Defendant stated he drove the car until he saw a woman carrying laundry into a house. Defendant forced his way into the house, had sex with the woman, and took her money. Defendant made a statement recorded on audiotape which was played for the jury.

Defendant testified on his own behalf. On direct examination, defendant denied he ever went to Teresa Hammond's house, ever entered her house and robbed her, or ever entered her house with the intention of assaulting her. In view of the fact that defendant was charged with sexually assaulting Hammond at the McConville residence, rather than Hammond's residence, it is likely defendant's answers were intended as a denial that he ever entered the McConville home or committed the crimes as alleged by the State. On cross-examination, defendant denied he was in the light blue car on the day Hammond was assaulted. Defendant also testified that he was home from school on the day of the assault and was not in the company of Demerick Pugh. Defendant testified his confession to police was false. Defendant explained that he made the statement because he was led to believe he would be allowed to go home if he did so.

The prosecutor then asked defendant whether he had stated a week before "in open court" that he "stayed in the car while Demetrius went in." Defendant denied making the statement. The prosecutor's question referred to a statement defendant made at an aborted guilty plea hearing. At that hearing, the trial court had refused to accept defendant's plea in light of defendant's responses to the court's questions aimed at eliciting the factual basis for the plea.

At a conference on jury instructions, the trial judge expressed his concern about the prosecution's reference to the statement made at the aborted guilty plea hearing. The trial judge asserted that the prosecution had an obligation to follow up its impeachment of defendant.

The prosecution moved for leave to reopen its case in order to

---

[1]The trial transcript contains references to "Demerick," "Demetrius," and "Dometric." The parties agree that these names all appear to refer to the same person.

perfect impeachment of defendant's testimony. The trial court allowed the motion. The prosecution called Investigator Harder to the stand. Harder testified he was present in court when defendant was asked whether he entered the McConville home. Harder recalled that defendant stated: "Dude did it. Dometric went in. I almost went in but I stayed in the car." The prosecution then called Sherry Bolt, the court reporter at defendant's aborted guilty plea hearing. Bolt testified her typed notes from the proceeding indicate defendant made the following statement at the hearing: "Well, it was a dude. Dude was with me. Dometric. That's the one that did it. I almost went in the house."

Defendant requested that the jury be allowed to consider the lesser-included offense of criminal sexual assault. The court granted defendant's motion. People's instruction No. 6C (Illinois Pattern Jury Instructions, Criminal, No. 2.01R (3d ed. 1992) (modified)) instructed the jury, in pertinent part:

> "Under the law, a person charged with two counts of Aggravated Criminal Sexual Assault may be found (1) not guilty of both counts of Aggravated Criminal Sexual Assault, and not guilty of Criminal Sexual Assault or (2) guilty of one count of Aggravated Criminal Sexual Assault, and not guilty of the other count of Aggravated Criminal Sexual Assault, and not guilty of Criminal Sexual Assault, or (3) guilty of both counts of Aggravated Criminal Sexual Assault, and not guilty of Criminal Sexual Assault, or (4) guilty of the lesser included offense of Criminal Sexual Assault, and not guilty of either count of Aggravated Criminal Sexual Assault."

People's instruction No. 100 (Illinois Pattern Jury Instructions, Criminal, No. 26.01R (3d ed. 1992) (modified)) instructed the jury, in relevant part:

> "Under the law, the defendant cannot be found guilty of both Aggravated Criminal Sexual Assault and Criminal Sexual Assault. Accordingly, if you find the defendant guilty of either count of Aggravated Criminal Sexual Assault, or both counts of Aggravated Criminal Sexual Assault, that verdict would mean that the defendant is not guilty of Criminal Sexual Assault. Likewise, if you find the defendant guilty of Criminal Sexual Assault, that verdict would mean that the defendant is not guilty of Aggravated Criminal Sexual Assault."

The jury found defendant guilty of both counts of aggravated criminal sexual assault and not guilty of criminal sexual assault. The jury also returned guilty verdicts on the charges of home invasion, robbery, and residential burglary. The trial court entered its judgment on these verdicts.

# ANALYSIS

## I. Legally Inconsistent Verdicts

On appeal, defendant contends his convictions for aggravated criminal sexual assault should be reversed outright because they are legally inconsistent with his acquittal on the lesser-included charge of criminal sexual assault.

■ Logically inconsistent verdicts may stand, while legally inconsistent verdicts cannot. *People v. Klingenberg*, 172 Ill. 2d 270, 665 N.E.2d 1370 (1996). Where proof of one offense (the predicate offense) is an essential element of another offense (the compound offense), verdicts acquitting the defendant of the predicate offense and convicting the defendant of the compound offense are legally inconsistent. *People v. Frias*, 99 Ill. 2d 193, 457 N.E.2d 1233 (1983). Where the charges of criminal sexual assault and aggravated criminal sexual assault arise out of a single act of sexual penetration, criminal sexual assault is a predicate offense of aggravated criminal sexual assault. *People v. Smith*, 245 Ill. App. 3d 712, 614 N.E.2d 1326 (1993). In the case at bar, the verdicts acquitting defendant of criminal sexual assault and convicting him of two counts of aggravated criminal sexual assault are based on a single act of sexual penetration. Therefore, the verdicts are legally inconsistent and defendant's convictions for aggravated criminal sexual assault must be reversed.

■ The State maintains the verdicts are not legally inconsistent because the inconsistent verdicts resulted from the jury's faithful application of the court's erroneous instructions. The State, however, cites no authority to support this proposition. Although it is presumed that a jury follows the court's instructions in arriving at its verdict (*People v. Boshears*, 228 Ill. App. 3d 677, 592 N.E.2d 1187 (1992)), it does not necessarily follow that, but for the faulty instructions, the jury would have found defendant guilty of criminal sexual assault. The trial court's misstatement of the law is almost certainly the cause of the legally inconsistent verdicts in this case. The trial court's error, however, does not reconcile the inconsistent verdicts or render them any more reliable. See *Klingenberg*, 172 Ill. 2d 270, 665 N.E.2d 1370 (legally inconsistent verdicts cannot stand because they are inherently unreliable).

■ Neither can it be maintained that defendant's failure to object to the errant jury instructions constitutes a waiver of his claim concerning the legally inconsistent verdicts. Although a defendant who fails to object to a jury instruction waives any error concerning the propriety of the instruction (*People v. Anderson*, 201 Ill. App. 3d 75, 559 N.E.2d 267 (1990)), defendant in the case at bar does not

claim the court's instruction of the jury was error. Rather, defendant argues that the jury's verdicts were legally inconsistent. Moreover, defendant's failure to raise the issue of the jury's legally inconsistent verdicts at trial or in a posttrial motion does not result in a waiver of that issue because legally inconsistent verdicts present plain error, the exception to the rule of waiver. *People v. Fornear*, 283 Ill. App. 3d 171, 669 N.E.2d 939 (1996).

■ Having determined defendant's convictions for aggravated criminal sexual assault must be reversed, we must now determine whether he may be retried on those charges. The doctrine of collateral estoppel and the guarantee against double jeopardy contained in the Illinois and federal constitutions preclude the State from retrying a defendant on the compound offense where the defendant has been acquitted of the predicate offense. *Klingenberg*, 172 Ill. 2d 270, 665 N.E.2d 1370; Ill. Const. 1970, art. I, § 10; U.S. Const. amends. V, XIV. Moreover, an acquitted defendant may not be retried even where it appears that the acquittal is based upon an egregiously erroneous foundation. *Klingenberg*, 172 Ill. 2d 270, 665 N.E.2d 1370; *Arizona v. Washington*, 434 U.S. 497, 54 L. Ed. 2d 717, 98 S. Ct. 824 (1978). We hold, therefore, that the State may not retry defendant on the charge of aggravated criminal sexual assault as he has already been acquitted on the predicate charge.

## II. Admission of Guilty Plea Hearing Statements

■ We turn next to defendant's claim that he was denied a fair trial when, at the trial court's suggestion, the prosecution reopened its case and introduced statements defendant made at an aborted guilty plea hearing. We note at the outset that defendant neither objected to the admission of these statements at trial nor included the issue in a posttrial motion. Under such circumstances, this issue normally would be considered waived. See *People v. Enoch*, 122 Ill. 2d 176, 522 N.E.2d 1124 (1988). In recognition of the devastating effect the use of plea negotiation testimony may have, however, Illinois courts have held that the use of such testimony is so prejudicial as to require reversal as plain error. *People v. Friedman*, 79 Ill. 2d 341, 403 N.E.2d 229 (1980).

■ Supreme Court Rule 402(f) provides, in pertinent part: "if a plea of guilty is not accepted or is withdrawn, *** neither the plea discussion nor any resulting agreement, plea, or judgment shall be admissible against the defendant in any criminal proceeding." 134 Ill. 2d R. 402(f). The State concedes that the statements at issue are inadmissible plea-related statements. The State maintains, however, that any error resulting from the introduction of the statements is harmless. We disagree.

■ Defendant's statements during the aborted guilty plea hearing tend to contradict defendant's trial testimony as to whether he ever went to the McConville home, whether he was in the light blue car on April 5, 1995, and whether he was with Demerick Pugh on that day. Investigator Harder and Sherry Bolt testified defendant made the statements in open court. The jury was left to speculate as to the nature of the hearing at which defendant made the statements and to wonder whether he made the statements under oath. Under these circumstances, we hold that the admission of defendant's plea-related statements was plain error. See *People v. Benniefield*, 88 Ill. App. 3d 150, 410 N.E.2d 455 (1980). Accordingly, defendant's convictions for home invasion, robbery, and residential burglary must be reversed and his cause remanded for a new trial on these charges.

■ Finally, we must agree with defendant that the trial judge acted improperly when he urged the prosecution to reopen its case in order to perfect its impeachment of defendant's testimony. To direct the jury to disregard the prosecutor's reference to the aborted guilty plea hearing would have been the better course. We believe the trial judge crossed the line of judicial propriety when he urged the prosecution to reopen its case in order to introduce highly prejudicial, inadmissible evidence against defendant. Accordingly, in order to remove any appearance of judicial bias, on remand this matter should be assigned to a different trial judge.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Rock Island County is reversed and remanded for proceedings consistent with this opinion.

Reversed and remanded.

HOMER and HOLDRIDGE, JJ., concur.