Greene, J.
which Adkins and Battaglia, JJ., join.
I respectfully dissent.
*488 The long standing rule has been that generally a jury verdict defective in form or substance should not be accepted by the trial judge. Heinze v. State, 184 Md. 613, 617, 42 A.2d 128, 130 (1945). In Heinze, this Court explained the policy behind the rule:
It is essential for the prompt and efficient administration of justice to prevent defective verdicts from being entered upon the records of the court as well as to ascertain the real intention of the jury in their finding. Where a verdict is ambiguous, inconsistent, unresponsive, or otherwise defective, it is the duty of the trial judge to call the jury’s attention to the defect and to direct them to put the verdict in proper form either in the presence of the court or by returning to their consultation room for the purpose of further deliberation.
184 Md. at 617-18, 42 A.2d at 130 (see cases cited therein).
I accept the majority’s premise that Mr. Givens did not object in a timely fashion to challenge the inconsistent jury verdicts. Thus, he did not properly preserve for appellate review the issue of inconsistent verdicts. Although, Mr. Givens’ counsel could have brought his concerns to the trial judge’s attention before the discharge of the jury, the trial judge should have been aware of the nature of the inconsistent verdicts and instructed the jury that it could not return inconsistent verdicts. See Galloway v. State, 371 Md. 379, 407, 809 A.2d 653, 670 (2002). See also Price v. State, 405 Md. 10, 21, 949 A.2d 619, 626 (2008). In addition, the court could have refused to accept the inconsistent verdicts and directed the jury to deliberate further in order for the jury to decide whether to enter either two not guilty verdicts or two guilty verdicts with respect to the felony murder count and the underlying predicate felony count(s). See Heinze, 184 Md. at 617, 42 A.2d at 130.
In this appeal, we should not be overly concerned about the lack of preservation. Instead, we should reach the merits of his appeal either on the basis of the “plain error” doctrine or the exercise of our discretion and the obvious prejudice to the *489 defendant. See Md. Rules 4-325(e) and 8-131(a). It is important to note that before the imposition of the sentence in this case, defense counsel filed a motion to strike the felony-murder verdict approximately one hour after the jury had been discharged on the grounds that the felony murder verdict was inconsistent with the not guilty verdicts. That motion was denied and the trial judge sentenced the defendant to life, for felony murder, and twenty years consecutive, to the life sentence, for conspiracy to commit robbery. The remaining counts were merged.
Although the defendant’s motion to strike the felony murder verdict was not filed before the court discharged the jury, it was filed in sufficient time for the trial judge to take action prior to the imposition of the sentence. In my view, the trial judge, like the appellate court, has the authority to strike or set aside an invalid felony murder verdict or conviction.
We declared in Price, 405 Md. at 29, 949 A.2d at 630, that “inconsistent verdicts shall no longer be allowed.” Indeed, this was a sea change with respect to inconsistent verdicts in criminal cases. This was more than an aspirational statement from the Court, it was a clear declaration of the law of Maryland going forward. The focus of the majority opinion in Price was the intolerable nature of inconsistent verdicts, and notably because they were not allowed in civil cases, it would be a travesty to continue to allow inconsistent verdicts in criminal cases. See Price, 405 Md. at 22, 949 A.2d at 625. The majority, in Price, did not discuss how Mr. Price preserved his challenge to the inconsistent verdicts or what others must do in order to challenge an inconsistent verdict. Today, the majority, in this case, adopts Judge Harrell’s concurring opinion in Price as the standard for preservation: “[T]o preserve the issue of legally inconsistent verdicts for appellate review, a defendant in a criminal trial by jury must object or make known any opposition to the allegedly inconsistent verdicts before the verdicts become final and the trial court discharges the jury.” Maj. Op. at 438, 144 A.3d at 719.
*490 In McNeal v. State, 426 Md. 455, 462, 44 A.3d 982, 986 (2012), we adopted part of Judge Harrell’s concurring opinion in Price and held that legally inconsistent verdicts, as opposed to “factually” inconsistent verdicts, will not be tolerated. We did not adopt at that time Judge Harrell’s position, as reflected in his concurring opinion in Price, that a timely challenge by the defendant to an inconsistent verdict must be made before the verdict becomes final and the jury is discharged. See McNeal, 426 Md. at 466, 44 A.3d at 989.
In comparing criminal jury trials to civil jury trials, in Price, we discussed our opinion in Galloway:
The consistency requirements in criminal cases should not be less stringent than the standards we have applied in civil cases, and that we are unwilling to afford less protection to the jury trial rights of a criminal defendant, whose very liberty, or even his or her life, is at stake, than to a civil litigant, where, generally, it is money that is at stake.
Price, 405 Md. at 27, 949 A.2d at 629 (internal quotation marks omitted).
In Price, as a matter of judicial policy, we were also persuaded by the reasoning of several State Supreme Courts which had refused to permit inconsistent jury verdicts in criminal cases. 405 Md. at 27-29, 949 A.2d at 629-30. In DeSacia v. State, 469 P.2d 369, 377 (Alaska 1970), the Supreme Court of Alaska stated that there is
no basis to assume ... that inconsistent verdicts are the product of a jury’s disposition toward treating the accused leniently; nor can we see a basis for assuming that, in allowing inconsistent jury verdicts in criminal trials to stand, we run only “the risk that an occasional conviction may have been the result of compromise.” The truth is simply that we do not know, nor do we have any way of telling how many inconsistent verdicts are attributable to feelings of leniency, to compromise, or, for that matter, to outright confusion on the part of the jury.
We noted that the Supreme Court of Florida pointed out that “the possibility of a wrongful conviction ... outweighs the *491 rationale for allowing inconsistent verdicts to stand.” Brown v. State, 959 So.2d 218, 222 (Fla.2007). The Court of Appeals of New York concluded that “a conviction will be reversed [ ] in those instances where acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime, as charged, for which the guilty verdict was rendered.” People v. Tucker, 55 N.Y.2d 1, 447 N.Y.S.2d 132, 431 N.E.2d 617, 619 (1981).
It would be, in my view, an injustice to allow the conviction for felony murder to stand. Under the felony murder doctrine, a verdict of guilty on the underlying felony is an essential ingredient of the murder conviction. See Newton v. State, 280 Md. 260, 269, 373 A.2d 262, 267 (1977). Even assuming the sufficiency of the evidence to convict for felony murder, here, the jury returned a verdict of not guilty as to any of the possible predicate offenses, namely, robbery, attempted robbery, and use of a handgun. Instead, the jury returned a verdict of guilty to a related misdemeanor offense of conspiracy to commit robbery. A verdict of guilty for conspiracy to commit robbery does not and cannot support a conviction for felony murder. Clearly, the verdicts entered and the subsequent convictions in this case did not result in a windfall to the defendant. Any windfall favored only the prosecution.
The verdict of guilty of felony murder was invalid the moment the jury announced it in open court. Such a verdict of guilty, under the circumstances, based upon no predicate felony offense or an improper predicate offense cannot stand and does not support a rational conclusion that the jury exercised leniency toward the defendant. The verdict of felony murder appears to rest upon the jury’s erroneous belief that it could find Mr. Givens guilty of felony murder on the basis of a conspiracy to commit robbery. Thus, because Mr. Givens agreed to be involved in the events that led to the victim’s death, the jury must have blamed him for the victim’s death. Under the circumstances, the inconsistent verdict of guilty for felony murder is wrong.
*492 Appellate courts may “exercise [their] discretion to review unpreserved issues ... where prejudicial error was found and failure to preserve the issue was not a matter of trial tactics.” State v. Rich, 415 Md. 567, 574, 3 A.3d 1210, 1214 (2010) (quoting Conyers v. State, 354 Md. 132, 150, 729 A.2d 910, 919 (1999)). The majority opinion dismisses the application of the plain error doctrine to the facts of this case believing that its application “requires more than the mere circumstance that an issue pertains to substantial rights.” Maj. Op. at 469, 144 A.3d at 738. I respectfully dissent from this conclusion. Even though appellate review under the plain error doctrine is rare, its application is justified under the facts of this case. At this stage of the process, only an appellate court can remedy the obvious and serious error in this case. Accordingly, I would apply the four prongs of plain-error review and conclude that the error “seriously affect[s] the fairness, integrity [and] public reputation of [the] judicial proceedings.” Rich, 415 Md. at 578, 3 A.3d at 1216 (citations omitted). Moreover, I agree with the position of the appellate court in People v. Ousley, 297 Ill.App.3d 758, 232 Ill.Dec. 184, 697 N.E.2d 926, 930 (1998) when it stated, in an analogous case, that the “defendant’s failure to raise the issue of the jury’s legally inconsistent verdicts at trial or in a post-trial motion does not result in a waiver of that issue because legally inconsistent verdicts present plain error, the exception to the rule of waiver.”
As a result of our opinion in Price, legally inconsistent verdicts are no longer tolerated. Because of our decision in McNeal, factually inconsistent verdicts in criminal cases are tolerated. To obtain a felony murder conviction, a verdict of guilty on the underlying felony is an essential ingredient of the crime of felony murder. A misdemeanor cannot be a substitute for the underlying felony under the felony murder doctrine. Second, the jury’s legal error in rendering inconsistent verdicts of guilty of felony murder and not guilty as to any of the predicate offenses is obvious and not subject to any reasonable dispute. Third, the error affected Mr. Givens’ substantial right* to a fair trial based upon the law and the facts. In other words, the verdict and ultimate invalid conviction of felony- *493 murder affected the outcome of the court proceedings. Lastly, this Court has the discretion to remedy the error — discretion which ought to exercised — because the results “seriously affect[s] the fairness, integrity or public reputation of [the] judicial proceedings.” Rich, 415 at 578, 3 A.3d at 1216 (citations omitted).
As stated previously, generally, if the jury returns a verdict that is defective in form or substance, the trial judge should not accept it. See Heinze, 184 Md. at 617, 42 A.2d at 130. Thus, our case law provides that the trial judge has a duty to remedy the problem with regard to inconsistent verdicts.
In the present case defense counsel did not bring the matter of the inconsistent verdicts to the attention of the trial judge until after the jury was discharged. The trial judge could have addressed the matter sua sponte before discharging the jury, but did not. Nonetheless, the issue was raised below and decided by the trial court when it denied defense counsel’s motion to strike the felony murder guilty verdict. It seems to me that where the record shows plain error and prejudice to the defendant and the issue was raised below, we should review the court’s acceptance of the legally inconsistent verdict, even if the issue was not raised timely. Accordingly, on the merits, I would hold that the trial court abused its discretion when it denied Mr. Givens’ motion to strike the felony murder conviction. Thus, I would reverse the judgment of the Court of Special Appeals.
I respectfully dissent. Judges Adkins and Battaglia authorize me to state that they join this dissenting opinion.